Argued and submitted July 15, affirmed October 5, reconsideration denied November 12, petition for review allowed December 9, 1981 (292 Or 232)
See later issue Oregon Reports

STATE OF OREGON,
*Respondent,*
*v.*
BARRY DEAN COCHRANE,
*Appellant.*

(No. 37949 CA A20630)

634 P2d 273

David A. Hilgemann, Salem, argued the cause for appellant. With him on the brief was Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Richardson and Roberts, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a criminal case in which defendant was convicted of Theft in the Second Degree. On appeal, his sole assignment of error is the denial of his motion to suppress evidence seized from his house pursuant to a warrant which was executed after 10 p.m. but which contained no endorsement authorizing nighttime service. We affirm.

■ Defendant claims that the service of a warrant without a nighttime service endorsement in violation of ORS 133.565(3)[1] requires suppression of any evidence seized pursuant to that warrant. This court, however, has recently held that violation of ORS 133.565(3) does not justify suppression of evidence. *State v. Brock*, 53 Or App 785, 633 P2d 805 (1981).

■ Although two members of this panel dissented in *Brock*, the facts here are such that even the dissenters in *Brock* would agree suppression is not warranted. In fact, defendant in this case (who was himself a policeman) was called to the scene of the search by radio and fully apprised of the search and its purpose before the house was entered. As suggested in the dissent in *Brock*, "* * * [t]he statutory, rather than constitutional, nature of the duty imposed * * * leaves the courts free to limit the instances in which the sanction of suppression is imposed to those in which the full range of statutory purposes have been violated." 53 Or App at 807. No underlying purposes were violated here.

Affirmed.

---

[1] ORS 133.565(3) provides:

"(3) Except as otherwise provided herein, the search warrant shall be executed between the hours of 7 a.m. and 10 p.m. and within five days from the date of issuance. The judge issuing the warrant may, however, by indorsement [sic] upon the face of the warrant, authorize its execution at any time of the day or night and may further authorize its execution after five days, but not more than 10 days from date of issuance."